382 P.2d 209

ASHWORTH TRANSFER, INC., and Salt Lake Transfer Co., Plaintiffs,

v.

BARTON TRUCK LINE, INC., and Public Service Commission of Utah, et al., Defendants.

No. 9713.

Supreme Court of Utah.

May 29, 1963.

3. 102 Utah 26, 126 P.2d 1070 (1942).

4. 104 Utah 436, 140 P.2d 644 (1943).

See also 382 P.2d 210.

Pugsley, Hayes, Rampton & Watkiss, Salt Lake City, for plaintiffs.

A. Pratt Kesler, Atty. Gen., Raymond W. Gee, Asst. Atty. Gen., Salt Lake City, for defendants.

CROCKETT, Justice.

Plaintiffs Ashworth Transfer, Inc. and Salt Lake Transfer Company challenge the inclusion of the right to haul explosives in a general motor carrier authority granted to defendant Barton Truck Line.

Wasatch Fast Freight, Inc. (successor to Fuller-Toponce Freight Line) who had for many years possessed general authority to operate as a common motor carrier of freight from Salt Lake City on the south to the Utah-Idaho line on the north, and intermediate points, petitioned the Public Service Commission to approve discontinuance of its operations and abandonment of its authority. Four other trucking companies, Barton Truck Line, Beehive Motor Lines, Carbon Motorways, and Wycoff Co., Inc., filed applications requesting various portions of the authority which Wasatch sought to abandon. After separate hearings on these applications the entire authority was granted to Barton Truck Line and the applications of the others were denied.

The plaintiffs render specialized transportation services throughout the state, including the hauling of large shipments of explosives mostly between the various military bases. They protested the inclusion of explosives within the authority granted to Barton on the ground that public convenience and necessity do not require it because the service they offer is adequate.

They urge that this court decided the same problem in the case of these plaintiffs Union Pac. R. Co. v. P. S. C. and Barton Truck Lines, 11 Utah 2d 121, 355 P.2d 706 (1961) in which this court did hold that under the circumstances there shown there was no justification for granting to Barton authority to haul explosives.

The obvious and significant difference between the factual situation in the former case and this one is that there was then in existence the general service of Wasatch Fast Freight, which included the authority to haul shipments of explosives; that it had an interline arrangement with Barton by which the latter transported shipments of explosives from Todd (Tooele Ordnance Depot) to Salt Lake and thence by Wasatch to the various military bases northward of Salt Lake, which service is not now available because Wasatch has gone out of business. The fact that this service had been in existence and used by the public for some years would seem sufficient basis for the Commission's finding that public convenience and necessity required that Barton take over the operation of Wasatch.

Another important fact is that these protesting carriers (plaintiffs) have tariffs filed only for hauling large shipments. Ashworth a 2,000 pound minimum, Salt Lake Transfer a 4,000 pound minimum. Thus shippers of explosives in smaller quantities would have to pay the charge for those minimums anyway; whereas, the evidence shows that in the area served there was need for and haulage of shipments of explosives in smaller amounts than those minimums. We, therefore, conclude that it was well within the broad powers conferred upon the Commission to regulate transportation services for the benefit of the public to include in Barton's certificate the authority to handle explosives and there is no basis upon which it could be concluded that doing so was capricious, arbitrary and unreasonable, in which instance we must affirm the order made. Mulcahy v. P. S. C., 101 Utah 245, 117 P.2d 298. Costs to defendant.

HENRIOD, C. J., and McDONOUGH, CALLISTER, and WADE, JJ., concur.