382 P.2d 210

**CARBON MOTORWAY, INC., Plaintiff,**

**v.**

**BARTON TRUCK LINE, INC., and Public Service Commission of Utah, et al., Defendants.**

**WYCOFF COMPANY, Inc., Plaintiff,**

**v.**

**BARTON TRUCK LINE, INC., and Public Service Commission of Utah, et al., Defendants.**

**Nos. 9716, 9717.**

Supreme Court of Utah.

May 29, 1963.

No. 9716:

Skeen, Worsley, Snow & Christensen, Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., Raymond W. Gee, Asst. Atty. Gen., Tuft & Marshall, Zar E. Hayes, William S. Richards, Salt Lake City, for defendants.

No. 9717:

Pugsley, Hayes, Rampton & Watkiss, Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., Raymond W. Gee, Asst. Atty. Gen., Skeen, Worsley, Snow & Christensen, Joseph J. Palmer, Salt Lake City, for defendants.

CROCKETT, Justice.

These proceedings are companion to Ashworth Transfer, Inc. et al. v. Barton et

al., 14 Utah 2d 258, 382 P.2d 209 reported herewith, which deals with the abandonment by Wasatch Fast Freight, Inc. (successor to Fuller-Toponce Freight Line) of the general authority to operate as a common motor carrier of freight from Salt Lake City on the south to the Utah-Idaho line on the north, and intermediate points. As there indicated, these plaintiffs, Carbon Motorways, Inc. and Wycoff Co., Inc., and also Beehive Motor Lines and Barton Truck Lines, filed varying applications for authority to take over parts of the service which Wasatch sought to abandon. After separate hearings on these applications the entire authority was granted to Barton Truck Lines and the applications of the others including these plaintiffs were denied.

■ The plaintiffs are not in an advantaged position to contend that public convenience and necessity do not require the service which they sought to render; and, for which incidentally, the record amply justifies the Commission's finding of need. As to whom the authority should be granted, it was the Commission's prerogative to decide, so long as the carrier met the required qualifications. See Sec. 54–6–5, U.S.C.1953.

■ Complaint is made of the facts that the Commission denied motions to consolidate the hearings; and that after they were held it did consolidate them for the purpose of considering the entire problem and making its decision. It is to be observed that all interested parties actually participated in each of the hearings. The Commission appears to have been careful and even indulgent in allowing participation by the interested parties, the cross-examination of witnesses by their counsel, and the presentation of their own evidence at the proper time. From our survey of the situation we are not persuaded that the Commission exceeded the broad latitude of discretion it has as to its own proceedings. See Lake Shore Motor Coach Lines, Inc. v. Welling, 9 Utah 2d 114, 339 P.2d 1011.

On the basis of the rule of review stated in the case of Ashworth Transfer et al. v. Barton, referred to above, the orders are affirmed. Costs to defendant Barton Truck Lines.

HENRIOD, C. J., and CALLISTER, McDONOUGH, and WADE, JJ., concur.